UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT WELKER,<br><br>Plaintiff,<br>v.<br><br>CLUB DEMONSTRATION SERVICES INC et al.,<br><br>Defendants. | CASE NO. 2:26-cv-03167-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. For the reasons stated below, the Court orders Defendants to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). The party invoking federal

jurisdiction bears the burden of establishing it by a preponderance of the evidence. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013) ("The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met."); *see also Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025).

Defendants Club Demonstration Services Inc., Advantage Sales & Marketing LLC, and Advantage Solutions Inc. removed this case from King County Superior Court, asserting that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Dkt. No. 1 at 3–6. Removal of a class action under CAFA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d). To establish the amount in controversy, a removing CAFA defendant "is permitted to rely on 'a chain of reasoning that includes assumptions'" to calculate the amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra v. Manheim Invs.*, Inc., 775 F.3d 1193, 1199 (9th Cir. 2015)). But "those assumptions cannot be pulled from thin air," *Ibarra*, 775 F.3d at 1199; they must be "founded on the allegations of the complaint," *Arias*, 936 F.3d at 925, and the defendant's reasoning and underlying assumptions must be reasonable, *Perez*, 131 F.4th at 808.

Here, Plaintiff Robert Welker alleges that Defendants violated Washington state law by unlawfully restricting him and "over 40 Class members" from "having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, while paying them less than twice the applicable state minimum hourly wage." Dkt. No. 1-2 at 4–5. The complaint defines the potential class as "[a]ll current and former Washington employees of Club Demonstration Services, Inc.; Advantage Sales & Marketing LLC; or Advantage Solutions Inc. who earned less than twice the applicable state

minimum hourly wage from August 3, 2020, through the date of certification of the Class." *Id.* at 10. Welker states that the number of class members "exceeds 40[.]" *Id.* In their notice of removal, Defendants aver that "[b]ased on [Club Demonstration Services]'s employment records, there were approximately 3700 hourly-paid or non-exempt employees in the State of Washington during the relevant time period (January 8, 2023, through January 27, 2026)," and based on that assertion, "the size of the putative class exceeds 100 individuals[.]" Dkt. No. 1 at 4. But Defendants do not explain why all of (or even 100 of) the "hourly-paid or non-exempt employees" would necessarily fall into Welker's proposed class. This is a problem because Defendants' estimate of the amount in controversy is based on their perfunctory assessment that the putative class includes at least 1,500 people. *Id.* at 9 (calculating a $7,500,000 amount in controversy based on a "conservative estimate" that the class includes 1,500 employees). Nor do Defendants explain how the class has Article III standing, especially considering that a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of state law does not necessarily mean that he suffered concrete harm because of the defendant's violation of state law. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426–27 (2021). In short, Defendants have not put forth adequate reasoning to support their assertion that the amount in controversy exceeds $5 million.

For the foregoing reasons, the Court ORDERS Defendants to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction. Their brief of up to 2,800 words is due on November 18, 2026.

Alternatively, the parties can voluntarily dismiss this case and pursue arbitration, *see* Dkt. No. 12; Fed. R. Civ. P. 41(a)(ii), or stipulate to remand of this case.

Dated this 4th day of November, 2026.

Lauren King
United States District Judge